**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, Through its Trustees, PAUL A. MACDONALD, in his official capacity as Executive Director, TEAMSTERS LOCAL 251 TRAINING FUND, through its Trustees, and CHRISTINE ROY, in her official capacity as Administrator of the Training Fund, *Plaintiffs*, | CA 06 354 |
| v. | C.A. No. |
| ROCK CRUSHERS CORP. *Defendant*. | |

**COMPLAINT**

Introduction

1. This is an action to compel payment of contributions, interest, and penalties to two employee welfare benefit plans pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq.

Parties and Jurisdiction

2. Teamsters Local 251 Health Services and Insurance Plan ("Local 251 HSIP") is a multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

3. Teamsters Local 251 Training Fund ("Training Fund") is a multi-employer benefit plan within the meaning of ERISA, 29 U.S.C. §§1002(1) and (37).

4. Plaintiff Trustees are the trustees of Local 251 HSIP and the Training Fund ("the Funds") and are fiduciaries of the Funds within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21) and 1132.

5. Plaintiff Paul A. MacDonald is the Executive Director of Local 251 HSIP.

6. Plaintiff Christine Roy is the Administrator of the Training Fund.

7. Defendant Rock Crushers is a corporation organized under the laws of the State of Massachusetts, having its principal place of business in Andover, Massachusetts. Defendant is an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145 and has the requisite minimum contacts with the State of Rhode Island.

8. Teamsters Local 251 ("the Union") is a labor organization within the meaning of Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, which represents employees in an industry affecting commerce as defined in 29 U.S.C. § 142. The Union maintains its office in East Providence, Rhode Island.

9. This Court has jurisdiction pursuant to 29 U.S.C. §§ 1331 and 1367, and by Section 502(e)(1) and (f) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f), and by Section 301 of the LMRA, 29 U.S.C. § 185 (a).

10. Venue properly lies in this district under Section 502(e)(2) and (f) of ERISA, 29 U.S.C. § 1132(e)(2) and (f), and by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## Facts

11. Local 251 HSIP was established to provide various types of benefits, including medical, life, and disability, to eligible Union members and their dependents. It is administered by a Board of Trustees consisting of management and union trustees.

12. The Training Fund was established to provide various types of education benefits, including qualified instructors, equipment and educational materials to Union members. It is administered by a Board of Trustees consisting of management and union trustees.

13. Benefits, as aforesaid, are financed in part by employer contributions. The contribution rate is set by the collective bargaining agreement between the Union and each employer.

14. The rights and obligations of the Funds and each employer are set forth in the Agreement and Declaration of Trust for each Fund ("Trust Agreements").

15. The Trust Agreements provide, in relevant part, that each employer shall submit timely payroll reports of contributions, promptly pay contributions, and pay penalties and interest when in default.

16. Defendant and the Union have been, at all relevant times, parties to and bound by a Collective Bargaining Agreement ("CBA") which provides, in relevant part, that Defendant shall comply with the terms of the Trust Agreements as aforesaid.

17. Section 515 of ERISA, 29 U.S.C. § 1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of a collectively bargaining agreement to make such contributions in accordance with the terms and conditions of such plan and such agreement.

18. By virtue of the CBA, Defendant is statutorily required to contribute to the Funds pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

19. Notwithstanding the aforesaid obligations, Defendant has:

(a) Failed to submit payroll reports to the Funds for the period of February, 2006, through the present;

(b) Failed to submit contributions to the Funds for the period of February, 2006, through the present;

(c) Otherwise failed to comply with the terms and conditions of the Trust Agreements.

20. By the aforesaid acts and omissions, Defendant has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1) Award the Funds the following amounts:

a. the unpaid contributions;

b. interest on the unpaid contributions at a rate of 1.5% per month;

c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions; and

d. all costs and reasonable attorneys' fees incurred by the Funds in connection with this action;

(2) Permanently enjoin Defendant from violating its obligations under the terms of its collective bargaining agreement with Teamsters Local Union 251 and the Agreement and Declaration of Trusts to make contributions and reports to the Funds; and

(3) Order such other and further relief as this Court deems just and proper.

Dated: August 2, 2006

Respectfully submitted,

On behalf of Plaintiffs,
By their attorney,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel.(401) 294-4700
Fax (401) 294-4702